# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### October 20, 2009 Session

## STATE OF TENNESSEE v. SHEILA MARIE LOTT

**Appeal from the Circuit Court for Bedford County**
**No. 16410 & 16417   Franklin Lee Russell, Judge**

_____

**No. M2008-02127-CCA-R3-CD - Filed February 18, 2010**

_____

The Bedford County Grand Jury indicted Appellant, Sheila Lott, for eight counts of criminal simulation, one count of theft over $1,000, and one count of fraudulent use of credit/debit card.  Appellant pled guilty to all charges as set out in the indictments.  The trial court sentenced Appellant as a Range II, multiple offender to an effective sentence of eighteen years and six months.  On appeal, Appellant argues that the trial court erred in setting the length of her sentences within the range and in imposing consecutive sentences.  After a thorough review of the record, we conclude that the trial court correctly applied enhancement and mitigating factors and that Appellant has waived her issue regarding the imposition of consecutive sentences for failure to include an argument or cite to authority in her brief.  Therefore, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Derek A. Artrip, Murfreesboro, Tennessee, for the appellant, Sheila Marie Lott.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Charles Crawford, District Attorney General, and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

The following factual basis was presented at the guilty plea hearing to support Appellant's guilty pleas:

In case number 16410, the factual basis is that the defendant, over a series of days in June of 2007, went to Wal-Mart and used either Visa traveler's checks or American Express traveler's checks to purchase[ ] various items. The Visa traveler's checks were in the name of Cindy Hill, not even in the defendant's name. The American Express traveler's checks were in the name of Sheila Lott. But the defendant would go and purchase various items. The American Express traveler's checks were in the amount of $500 each. And there were four of those. The Visa traveler's checks were in the amount of $100 each. And there were four of those. And then on, I think, most, if not all occasions, she then returned to Wal-Mart some time subsequent to that and returned the items, which in effect, was she would get the cash from the purchase or then she would get it all back if she then returned all the items. The traveler's checks were not issued by Visa or American Express, they were, in fact, counterfeit. The police department investigated this matter and they ultimately interviewed the defendant. And over the course of the interview the defendant stated she did not know they were counterfeit, however, she, herself, suspected that they might be. They, of course, were counterfeit. An individual from Visa and an individual from American Express had examined these items and can and are willing – or lined up to come to Tennessee to testify that these items are – were not issued by Visa or American Express and there are any number of indicators on there that would indicate that they are counterfeit. And they can, of course, testify to all that.

The – in case number 16417, the defendant was employed by Canteen Dining Services, which provides food services to the Tyson's plant here. The company started noticing what appeared to be a reduction in the revenues from that enterprise. And so they conducted an independent audit and it revealed that the – they could look at the receipts for a given day and then the deposits for that given day, and there were discrepancies, there were shortages. And the audit revealed that there was, over a period of time, the audit, I think it was about a month, there were approximately a little over $7,000 in shortages.

The – there was also a company credit card and the defendant told Mr. Cox of the Canteen Dining Services that she did not have the card anymore and that it should be cancelled. The company looked into it and discovered there was one transaction at Wal-Mart. The police then went to Wal-Mart and pulled the video surveillance around the cash register and it was the defendant who used the credit card for that transaction. And she did not have permission to do that.

In December 2007, the Bedford County Grand Jury indicted Appellant in case number 16410 for eight counts of criminal simulation, and in case number 16417 for one count of theft over $1,000, and one count of fraudulent use of a credit/debit card. On April 3, 2008, Appellant pled guilty to all counts as charged.

On June 5, 2008, the trial court held a sentencing hearing. At the conclusion of the sentencing hearing, the trial court sentenced Appellant as a Range II, multiple offender with a release eligibility of thirty-five percent. In case number 16410 the trial court sentenced Appellant to three years and six months for each criminal simulation charge. Counts one through three were ordered to be served concurrently to each other. Counts four through six were ordered to be served concurrently to each other, but consecutively to counts one through three. Counts seven and eight were ordered to be served concurrently to each other but consecutively to the previous counts. In case number 16417, the trial court sentenced Appellant to eight years for the theft over $1,000 conviction and eleven months and twenty-nine days for the illegal possession of a credit/debit card conviction. The trial court ordered these sentences to be served concurrently to each other but consecutively to the sentences imposed from case number 16417. Appellant's effective sentence was eighteen years and six months.

On June 12, 2008, Appellant filed a timely notice of appeal.

## **ANALYSIS**

### Length of Sentence

On appeal, Appellant argues that the trial court erred in the weighing of enhancement factors and failed to apply several mitigating factors when imposing the sentences. "When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "[T]he presumption of correctness 'is conditioned upon the affirmative

-3-

showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" *State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991)). "If . . . the trial court applies inappropriate mitigating and/or enhancement factors or otherwise fails to follow the Sentencing Act, the presumption of correctness fails." *Id.* at 345 (citing *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992)). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses, (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

When imposing the sentence within the appropriate sentencing range for the defendant:

> [T]he court shall consider, but is not bound by, the following *advisory* sentencing guidelines:
>
> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c) (emphasis added). However, the weight given by the trial court to the mitigating and enhancement factors are left to the trial court's discretion and are not a basis

for reversal by an appellate court of an imposed sentence. *Carter*, 254 S.W.3d at 345. "An appellate court is . . . bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.* at 346.

After a review of the record on appeal, we conclude that the trial court considered the sentencing principles and all relevant facts and circumstances. Therefore, there is a presumption that the trial court's ruling was correct. At the sentencing hearing, the trial court applied three enhancement factors: (1) Appellant had a previous history of criminal convictions; (13) Appellant was on probation at the time the offenses were committed; and, with regard to the convictions from case number 16417, (14) Appellant violated a position of private trust. *See* T.C.A. § 40-35-114(1), (13), & (14). The trial court applied one mitigating factor, that Appellant's conduct did not cause or threaten serious bodily harm. However, the trial court did not give much weight to this factor. *See* T.C.A. § 40-35-113(1). The trial court proceeded to state that it did not find any other mitigating factors and specifically addressed why mitigating factors (3), (7), (8), (9), (11), and (13) did not apply. *See* T.C.A. § 40-35-115.

Appellant argues that many of the mitigating factors should have been applied to Appellant's sentence. However, we conclude that there is no basis for the application of any other mitigating factors than the one applied by the trial court. We also conclude that the application of the enhancement factors is supported by the record.

Appellant's main argument focuses on the improper weighing of the enhancement and mitigating factors applied by the trial court. However, as stated above, this is not a basis upon which a defendant may appeal to this Court. *See* T.C.A. § 40-35-401(b).

Therefore, this issue is without merit.

## Consecutive Sentencing

Appellant also makes a cursory statement that her sentences should have been run concurrently rather than consecutively. Appellant includes no argument or citations to authority to support the statement. Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure provides that a brief shall contain "[an] argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on." Tennessee Court of Criminal Appeals Rule 10(b) states that "[i]ssues which are not supported by argument, citation to authorities,

or appropriate references to the record will be treated as waived in this court." *See also State v. Sanders*, 842 S.W.2d 257 (Tenn. Crim. App. 1992) (determining that issue was waived where defendant cited no authority to support his complaint).  Because Appellant has failed to cite any authority for this claim, it is waived.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgments of the trial court.


_____
JERRY L. SMITH, JUDGE